IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PIMENIO V. HERRERA, | ) | 8:12CV321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TAMMY MOWRY, MONTE | ) | |
| HOVIC, JESSE ROBINS, HAHN, | ) | |
| Deputy, STEPHENS, Deputy, and | ) | |
| JEREMY BRUNGARD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Pimenio V. Herrera ("Herrera" or "Plaintiff") filed his Complaint in this matter on September 10, 2012. (Filing No. 1.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court also addresses Plaintiff's Motion to Correct Spelling and Motion for Appointment of Counsel. (Filing Nos. 7 and 9.)

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at a federal correctional institution in Florence, Colorado. He filed his Complaint against six Box Butte County, Nebraska, employees, including Tammy Mowry ("Mowry"),[1] Monte Hovic ("Hovic"), Jesse Robins ("Robins"), Hahn, Stephens, and Jeremy Brungard ("Brungard"). (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleges that Mowry, Hahn, and Stephens are employees of the Box Butte County Sheriff's Office, Hovic and Robins are employees

---

[1] In Plaintiff's Motion to Correct Spelling, Plaintiff asks the court to correct the spelling of Mowry's first name in its records. (Filing No. 7.) The court will grant Plaintiff's Motion, and direct the clerk's office to update the court's records to reflect that Mowry's first name is Tammy, not Tommy.

of the Box Butte County Jail, and Brungard is an employee of the Box Butte County Fire Department. (*Id.*)

Plaintiff alleges that, while incarcerated at the Box Butte County Jail on January 24, 2011, Hahn and Stephens ordered Plaintiff to get dressed. When Plaintiff refused, Hahn and Stephens "assaulted the Plaintiff using excessive force." (*Id.* at CM/ECF p. 3.) Thereafter, Mowry, Hovic, and Robins directed Brungard to strap Plaintiff to a stretcher, which Brungard did. (*Id.* at CM/ECF pp. 4-5.) Plaintiff was naked at the time. (*Id.*) Brungard, Hahn, and Stephens then transported Plaintiff to a jail in Scotts Bluff, Nebraska. (*Id.* at CM/ECF p. 4.) Plaintiff remained naked and strapped to the stretcher during the 45-minute drive to Scotts Bluff. (*Id.*) The transport van did not have tinted windows and people driving or walking past the van were able to see Plaintiff's naked body. (*Id.*) Plaintiff seeks monetary and injunctive relief from Defendants for violations of federal and state law. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

#### A.  Official Capacity and Municipality Claims

Plaintiff filed his Complaint against six Box Butte County, Nebraska, employees. When a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. . . . Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g.,*

*Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson*, 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Plaintiff did not specify the capacity in which Defendants are sued. (*See* Filing No. 1.) Therefore, as set forth above, the court assumes that Defendants are sued in their official capacities only. Plaintiff's claims against Defendants in their official capacities are claims against their employer, Box Butte County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's

4

> custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Box Butte County or its employees, or that Box Butte County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Defendants. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Box Butte County across the line from conceivable to plausible under the *Jane Doe* standard.

On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Box Butte County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**B.    State Law Claims**

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law. Pending amendment of the Complaint, as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

## IV.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel. (Filing No. 9.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have **30 days** to amend his Complaint to clearly state a claim upon which relief may be granted against Box Butte County, Nebraska, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on January 2, 2013, and dismiss if none filed.

4.     Plaintiff shall keep the court informed of his current address at all times

while this case is pending. **Failure to do so may result in dismissal without further notice**.

5.      Plaintiff's Motion to Correct Spelling (Filing No. 7) is granted. The court directs the clerk's office to update the Docket Sheet to reflect that Mowry's first name is Tammy, not Tommy.

6.      Plaintiff's Motion for Appointment of Counsel (Filing No. 9) is denied without prejudice to reassertion.

DATED this 29th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.