IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PIMENIO V. HERRERA, | ) | 8:12CV321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TAMMY MOWRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff Pimenio Herrera's ("Plaintiff") Amended Complaint, which the court treats as supplemental to his original Complaint. (Filing No. 12.) *See* NECivR 15.1(b) (stating court may consider amended pleadings as supplemental to, rather than as superseding, the original pleading). In Plaintiff's Amended Complaint, Plaintiff clarifies that he is suing Defendants in their individual capacities, not in their official capacities. (Filing No. 12.) In light of this clarification, Plaintiff's claims against Defendants in their individual capacities may now proceed to service.[1]

---

[1] In this action, Plaintiff alleges, among other things, that Defendants strapped him naked to a stretcher and then transported him to another jail in view of the public. The Eighth Circuit and other courts have recognized that degrading and humiliating treatment such as that alleged by Plaintiff can form the basis for a constitutional claim. *See*, *e.g.*, *Hill v. McKinley*, 311 F.3d 899 (8th Cir. 2002) (female inmate adequately stated a constitutional claim when left restrained and naked, exposed for a substantial length of time in front of male prison guards); *Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (prisoners established constitutional violation when left outside in the cold, exposed to the elements overnight and deprived of "basic elements of hygiene"); *Davis v. Locke*, 936 F.2d 1208 (11th Cir. 1991) (inmate transported in a dog cage with hands tied behind his back and dragged out by his ankles stated adequate claim).

For the reasons set forth here and in the court's November 29, 2012, Memorandum and Order, the court finds that Plaintiff's allegations "nudge" his Fourth and Eighth Amendment claims against Defendants across the line from conceivable to plausible. Although the court finds that Plaintiff's claims may proceed against Defendants in their individual capacities, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and Amended Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. To obtain service of process on Defendants in their individual capacities, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SIX summons forms and SIX USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

3. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on

the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

5. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "June 11, 2013: Check for completion of service of summons."

6. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 12th day of February, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.