IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PIMENIO VELA HERRERA, | ) | 8:12CV321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TAMMY MOWRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on Plaintiff's "Permission to Amend," which the court liberally construes as a motion for leave to amend complaint. (Filing No. 31.) Plaintiff asks leave to amend his Complaint so that he can name two additional defendants, Ben Rowe and Syd White. (*Id.*)

  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.* In addition, Nebraska Civil Rule 15.1 states that "a party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Plaintiff did not file a copy of his proposed amended complaint. In addition, his motion for leave to amend does identify who Ben Rowe and Syd White are, what they did to him, when they did it, or what specific legal right Plaintiff believes they violated. The only factual allegations Plaintiff makes against Ben Rowe are that he "didn't give plaintiff either clothes/[b]lankets." (Filing No. 31 at CM/ECF p. 2.) The only factual allegations Plaintiff makes against Syd White are that he "acted with deliberate indifference and reckless disregard to [plaintiff's] medical needs." (*Id.*) In short, the court does not have the information it needs to determine whether Plaintiff should be given leave to amend his complaint to add Ben Rowe and Syd White as defendants.

IT IS THEREFORE ORDERED that: Plaintiff's "Permission to Amend" (Filing No. 31) is denied without prejudice to reassertion upon the filing of a proposed amended complaint.

DATED this 28th day of June, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.